UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRENT PETERSON, individually and on behalf of all others similarly situated; | § § § | Docket No. _____ |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| vs. | § § § | COLLECTIVE ACTION |
| PROFESSIONAL DIRECTIONAL, LTD., | § § | PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant. | § | |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Pursuant to the Fair Labor Standards Act ("FLSA"), Brent Peterson ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages owed by Professional Directional, Ltd. ("ProDirectional" or "Defendant"). Plaintiff and all other similarly situated MWDs were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time. But these individuals never received overtime for hours worked in excess of 40 in a single work week. Instead of paying overtime as required by the FLSA, Defendant paid its MWDs a hybrid base salary and daily rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Plaintiff worked for Defendant as an MWD during the relevant statutory time period. His consent to be a party plaintiff is attached as Exhibit 1.

5. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL MWDS EMPLOYED BY PROFESSIONAL DIRECTIONAL, LTD. AT ANY TIME WITHIN THE PAST 3 YEARS.**

6. Defendant Professional Directional, Ltd. may be served by serving their registered agent **Charles L. May, 4422 FM 1960 W. #230, Houston, Texas 77068**.

### IV. COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. Facts

11. Defendant is an oilfield service company with significant operations in every major United States shale basin. Defendant provides horizontal and directional drilling services through MWDs and other field support personnel. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

12. Specifically, the primary job duties of the Putative Class Members includes operating oilfield machinery, collecting/relaying data, and reporting reports of daily activities to both field and remote supervisors for analysis. The Putative Class Members conduct their day to day activities within designated parameters and in accordance with a predetermined well plan. Moreover, the well plan was created, implemented, and regularly maintained by the well site supervisors.

13. The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Defendant. Virtually every job function was predetermined by Defendant, including the tools to use at the job site, the data to compile, and schedule of work and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degrees. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

14. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work 84 hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a base salary plus a day rate. Defendant denied the Putative Class Members overtime for any and all hours worked in excess of 40 in a single work week. As the controlling law makes clear, the manual labor/technical duties which were performed by the Putative Class Members consists of *non*-exempt work. Therefore, Defendant owes back overtime wages to hundreds of MWDs, all of whom work long hours each workweek.

## VI. FLSA VIOLATIONS

15. As set forth herein, Defendant has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

16. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.  Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

17. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from his observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

18. The Putative Class Members all received a salary plus a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

19. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

20. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII. JURY DEMAND

21. Plaintiff demands a trial by jury.

### IX. RELIEF SOUGHT

22. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:*/s/ Michael A. Josephson*
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
Fed Id. 1093163
State Bar No. 24078444
adunlap@fibichlaw.com
Lindsay R. Itkin
Fed Id. 1458866
State Bar No. 24068647
litkin@fibichlaw.com
**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

**AND**

Richard J. (Rex) Burch
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**